

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
JUL 28 2006
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| STACY MATHEWS ) | |
| Plaintiff, ) | |
| ) | CASE NO. |
| vs. ) | **06CV 391 CVE-PJC** |
| ) | |
| STATE OF OKLAHOMA OFFICE OF ) | ATTORNEY LIEN CLAIMED |
| JUVENILE AFFAIRS a/k/a L.E. RADAR ) | |
| CENTER, ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## COMPLAINT

COMES NOW the plaintiff, Stacy Mathews, through his attorneys of record, Daniel E. Smolen and Donald E. Smolen, of *Smolen & Smolen P.L.L.C*, and brings this action against the defendants, State of Oklahoma Office of Juvenile a/k/a L.E. Radar Center, for violations of his constitutionally protected rights arising out of his employment and termination by said defendants.

## JURISDICTION

1. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000-2 hereinafter ("Title VII"), providing for relief against discrimination in employment on the basis of race and gender and 42 U.S.C. §1981, providing for redress for the deprivation of the full and equal benefit of all laws as is enjoyed by white citizens.

2. Plaintiff, an African-American male and resident of the State of Oklahoma, filed a charge of discrimination against the defendant with the Oklahoma Human Rights Commission ("OHRC") and Equal Employment Opportunity Commission ("EEOC") on

or around August 22, 2005. Plaintiff complained to the EEOC of discrimination based on his race. A Notice of Right to Sue was received by plaintiff on or about May 3, 2006, and this Complaint has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, plaintiff has complied fully with all prerequisites in this Court under Title VII.

3. Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

4. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g) and 42 U.S.C. § 1981.

5. Punitive damages are sought pursuant to 42 U.S.C. § 1981.

6. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

## VENUE

7. This action lies properly in the Northern District of Oklahoma pursuant to 28 U.S.C §1391(b) as the unlawful employment practices complained of herein occurred within the Northern District of Oklahoma and because defendant is a State of Oklahoma governmental agency, conducting regular business in the Northern District of Oklahoma.

## PARTIES

8. Plaintiff is a citizen of the United States of America and a resident of the State of Oklahoma.

9. Defendant, State of Oklahoma Office of Juvenile Affairs a/k/a L.E. Radar is a state governmental entity with its principle place of business located in the State of Oklahoma and regularly employs more than fifteen (15) people.

## FACTS COMMON TO ALL CLAIMS

10. The plaintiff is an African American male.

11. The plaintiff had been an employee of the L.E. Radar Center (herein "Radar), which is operated and controlled exclusively by the State of Oklahoma Office of Juvenile Affairs, since on or around March 2004.

12. On or about July, 1991 the Plaintiff was involved in an incident which required him and five other Rader security officers to restrain a juvenile.

13. Subsequent to this incident the Plaintiff was suspended and ultimately terminated from his employment with the defendant.

14. The alleged basis for termination was misconduct. It is the plaintiff's position that similarly situated white employees, who were involved in the above described incident were never terminated from their employment. As such, the actions of the Defendant constitutes intentional disparate treatment and thus violates the plaintiff's constitutionally protected rights.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

15. Plaintiff, Stacy Mathews, incorporates as if realleged Paragraphs 1-14.

16. By terminating the plaintiff and treating him different than similarly situated white employees, the defendant has violated Title VII of the Civil Rights Act of 1964.

WHERFORE, plaintiff prays for judgment against the defendants for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and L.E. Rader;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1981

17. Plaintiff, Stacy Mathews, incorporates as if realleged Paragraphs 1-16.

18. By terminating Plaintiff's employment, the defendant and its agents have violated 42 U.S.C §1981.

WHERFORE, plaintiff prays for judgment against defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives at L.E. Rader;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ D.S.*

Daniel E. Smolen, OBA# 19943
Donald E. Smolen, II, OBA# 19944
SMOLEN & SMOLEN, P.L.L.C.
320 South Boston Ave., Ste. 1125
Tulsa, OK 74103
P: (918) 585-2667
F: (918) 585-2669
E-mail: Daniel-Smolen@cox.net
Attorneys for plaintiff